**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Shemika Nicole SCROGGINS,**
**Defendant–Appellant.**

**No. 04–30226.**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided June 22, 2005.

Josette Louise Cassiere, Assistant U.S. Attorney, C. Mignonne Griffing, Assistant U.S. Attorney, U.S. Attorney's Office Western District of Louisiana, Shreveport, LA, for Plaintiff–Appellee.

Harold C Gilley, Jr., Gilley & Gilley, Shreveport, LA, for Defendant–Appellant.

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM: *

Shemika Nicole Scroggins appeals the sentence imposed following her guilty-plea

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction for conspiracy to defraud various insurance companies through the use of the United States mails in violation of 18 U.S.C. § 371. For the first time on appeal, she argues that the district court erred in enhancing her sentence based on her relevant conduct that was neither admitted by her nor found by a jury in violation of the Sixth Amendment under *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

Because Scroggins did not raise this issue in the district court, this court reviews the argument for plain error. *See United States v. Mares,* 402 F.3d 511, 520–21 (5th Cir.2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517). Thus, Scroggins must show: (1) an error; (2) that is clear or plain; (3) that affected her substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of her judicial proceedings. *United States v. Olano,* 507 U.S. 725, 732–35, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *United States v. Vasquez,* 216 F.3d 456, 459 (5th Cir.2000).

Scroggins argues generally that she did not admit the relevant conduct on which the district court based her sentence and, therefore, the district court improperly sentenced her under *Blakely.* Scroggins makes no showing, as required by *Mares,* that the district court would likely have sentenced her differently under the *Booker* advisory scheme. Similarly, there is no indication from the court's remarks at sentencing that the court would have reached a different conclusion. Thus, Scroggins has not met her burden to show that the district court's increase of her sentence based on its findings concerning her relevant conduct was plain error. *See Mares,*

402 F.3d at 520–21. Accordingly, Scroggins's sentence is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.